PLOTKIN, Judge.
The defendant, Thomas Sherrill, was charged by a grand jury with the second degree murder of Bruce Knutson. The defendant pled not guilty. The trial judge found the defendant guilty of manslaughter and sentenced him to fifteen years at hard labor. The defendant now appeals. Facts
The defendant and Bruce Knutson roomed together in an apartment. Ms. Hatzioannidis, the landlady, testified that on April 3, 1989, she heard an argument between the two during which Knutson ran to her door crying for help. She observed objects thrown and saw the defendant beating on Knutson. The defendant left soon thereafter, and the landlady testified Sher-rill threatened to kill Knutson. The landlady called the police, and Knutson went to a local bar.
Later that afternoon as the landlady returned from some errands, she heard a gunshot and saw the defendant leave the apartment. There was also testimony that the defendant entered the apartment by climbing over a fence. The landlady went upstairs and found Knutson dead. The defendant testified that when he returned to the apartment to gather his belongings, Knutson lunged at him first with a knife and then with a gun belonging to the defendant’s parents. The defendant was able to disarm Knutson who had a blood alcohol level of 0.19; however, the defendant claimed that he shot Knutson in the head in self defense after Knutson came after him a, third time with a knife. The defendant claims he could find no pulse on Knutson’s body and left the apartment in a state of confusion. He then drove to his parents’ home in Hammond and turned himself in later that night. He claimed that he threw the gun he shot the victim with into Lake Maurepas at Pass Manchac; however, the gun was later found at his parents’ home in Hammond. An expert forensic pathologist testified that wounds the defendant had on his hand were not classical defense wounds.
Knutson’s body was found lying face up on the bed with his legs over the side. His pants were also around his ankles. Testimony indicates that the bullet wound in the head is consistent with a man bending to put on his pants. The defendant testified that Knutson was only wearing briefs at the time of the shooting, and he could not explain the pants around the victim’s legs.
The defendant asserts three assignments of error. The first is that the testimony of the landlady should have been disregarded. The second is that the State presented insufficient evidence to disprove the defendant’s theory of self-defense. The third is that the sentence imposed is excessive in light of defendant’s illness with the AIDS virus.
A. First Assignment of Error
The defendant asserts that the trial court erred in failing to disregard the landlady’s testimony. The defendant argues that the landlady’s testimony is unreliable because she testified to many details at trial that she did not report to the police. There are, in fact, some inconsistencies in the testimony of the landlady; however, these can be attributed to the fact that the *730 landlady is Greek and has difficulty with English. For instance, the defense emphasizes the point that the 911 computer printout sheet lists a call from Ms. Hatzioanni-dis and the victim within two minutes of one another. Ms. Hatzioannidis testified that she called the police immediately after the victim left the apartment after the morning fight. The bartender in the bar from which the victim called testified that the victim was in his bar for fifteen min-, utes before attempting to call. The bar telephone, however, was out of service and the victim went to a grocery to a phone which was also out of service. The victim then returned to the bar and was able to place his call as phone service had been restored. The defense claims Ms. Hatzio-annidis’ testimony should be disregarded because she could not have placed the call when she claimed; however, the fact remains that she did call.
This court does not reweigh credibility determinations made by the trier of fact absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989). After reviewing the record it does not appear that the trial judge abused his discretion by relying on the testimony of the landlady. While there were some inconsistencies as to timing and the order of certain events, the overall story told by the landlady was consistent.
B. Second Assignment of Error
Defendant’s second assignment of error is that the court erred in finding an intent to kill or inflict great bodily harm in light of the defendant’s theory of self-defense. Defendant argues that there was insufficient evidence to disprove his theory. Under case law, the state must prove beyond a reasonable doubt that the defendant did not act in self-defense when self-defense is claimed by the defendant. State v. Lynch, 436 So.2d 567 (La.1983).
The defendant cites State v. Stratton, 521 So.2d 842 (La.App. 2nd Cir.1992) as a case on point. This court reversed that manslaughter conviction because it found that it was equally reasonable to conclude based on the evidence that the defendant had acted in self-defense. In Stratton the wife and husband had a history of marital discord. The wife had previously threatened the husband’s life, had once stabbed him without provocation nine years prior to the shooting which resulted in her death, and had shot him a year before the death. The husband had also threatened the wife prior to the shooting. The husband testified that he returned home one night after attending a party and brought his pistol from his vehicle into the house. The wife began to argue with him and hit him. She then grabbed a pair of scissors and threatened to kill him. He grabbed his pistol and retreated to the bedroom door. He cocked the gun, but his wife continued to approach him. The gun went off; however, the husband testified that he did not intend to kill his wife. She was found with her fingers grasping the holes of the scissor handles.
This court in Stratton reversed that conviction and stated:
The sufficiency-of-the-evidence test, whether expressed in terms of doubt or of hypothesis, is the reasonableness of the ultimate conclusion on the facts and on the inferences which may be drawn from the facts. In some eases a defendant’s circumstantial theory or hypothesis is found to be remote or unreasonable when compared to the prosecution’s theory or hypothesis of defendant’s guilt which is consistent overall with the evidence. State v. McFadden, 476 So.2d 413 (La.App.2d Cir.1985), writ denied.
Stratton, supra at 846.
In that case the only testimony supporting the conviction was that of the pathologist who testified that more probably than not the victim was turned away from the defendant when shot. It was equally plausible in that case to believe that the victim had simply turned her head before being shot.
In the case on appeal, the State’s version of events is that the defendant left the apartment after the morning fight intending to kill Knutson as the defendant, had earlier threatened. During the four hours that elapsed in the afternoon, the defendant drove to Hammond to retrieve *731 his parent’s gun. Upon his return, he parked around the corner from the apartment and climbed the fence rather than enter through the gate. In this way the victim would not be forewarned of his approach. The defendant then entered the apartment, found the victim incapacitated and shot him.
The defendant’s version is that the victim instigated the morning fight in which the defendant took part. The defendant then left to avoid further damage and drove around City Park for four hours. He returned to the apartment to gather his clothes when Knutson attacked him with a knife. He was able to wrestle the knife away from the victim who then grabbed a gun, which belonged to the defendant’s parents and for which the defendant had no explanation as to how the victim had obtained the gun. The defendant grabbed the gun from the victim who retrieved the fallen knife and lunged at him. The defendant, hoping to discourage the attack, accidentally shot the victim.
This case differs from Stratton because the circumstantial evidence in this case is consistent with the State’s theory of the case. As in Stratton, there is testimony from a coroner which in the present case supports the State’s theory that the defendant was not acting in self defense; however, that is not the only testimony as was the case in Stratton. In the case on appeal there is testimony that the defendant entered the apartment by climbing a fence and returned after the shooting only to walk away on seeing a crowd gathered. The gun used by the defendant belonged to his parents in Hammond. The defendant could not explain how the victim obtained the gun nor had anyone reported the gun stolen. The defendant initially told police he threw the gun into Lake Maurepas when in fact the gun was found at his parents’ home in Hammond. The most weighty piece of evidence was that the victim’s pants were found around his ankles. The defendant testified the victim was in his underclothes when shot, and he could not explain the pants found around the victim’s ankles. The coroner, however, testified that the path of the bullet was consistent with the victim being shot while bending over to put on his pants.
Viewing the evidence in a light most favorable to the prosecution, we find that the evidence is sufficient to pass the rational juror test of reasonable doubt. We find that the State’s theory is consistent overall with the evidence.
C. Third Assignment of Error
Defendant’s third assignment of error is that his sentence is excessive. Defendant was indicted for second degree murder and convicted of manslaughter. The court in this case did comply with the sentencing guidelines. The judge had the benefit of a pre-sentence report recommending incarceration. Furthermore, the judge did consider all mitigating and aggravating circumstances. The judge did not think defendant’s AIDS illness was a sufficient mitigating circumstance and nowhere in the guidelines is AIDS listed as a mitigating factor.
We have found no case that holds that an individual suffering from AIDS is to receive favored treatment in criminal sentencing. Our research indicates that the Department of Corrections has adopted special provisions for housing, maintenance and the regulation of prisoners with AIDS. We conclude that the court was correct in not considering the defendant’s illness in sentencing the defendant.
A review for errors patent reveals that there are none.
Accordingly, we affirm the conviction and sentence.
AFFIRMED.